**Andrew GREENE, Plaintiff,**

v.

**LOEB PARTNERS, etc., et al., Defendants.**

**No. 81–6166–CIV–JAG.**

United States District Court, S. D. Florida, N. D.

Feb. 17, 1982.

Shirley D. Weisman, Pompano Beach, Fla., for plaintiff.

Judith H. Hayes, Stroock & Stroock & Lavan, Miami, Fla., for Loeb Partners, Adams and Kelly.

Edward J. Marko, Marko, Stephany & Lyons, Fort Lauderdale, Fla., for Dean Witter Reynolds, Inc.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the respective Motions to Dismiss of the Defendants, Loeb Partners, Adams and Kelly, and Dean Witter Reynolds, Inc. Defendant, Dean Witter Reynolds, Inc., has also filed a Motion to Strike the Plaintiff's prayer for attorney's fees.

The Complaint is in 10 Counts and alleges violations of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5 promulgated thereunder, as well as the New York Stock Exchange (NYSE) and National Association of Securities Dealers (NASD) Rules.

Counts I through V are against Loeb, Adams and Kelly. Counts VI through X are identical Counts against Dean Witter, Adams and Kelly.

Defendants, Adams and Kelly, worked for Loeb Partners from April 20, 1979

through June 18, 1979, the dates of the violations alleged in Counts I through V. Adams and Kelly then worked for Dean Witter from June 18, 1979 through November 30, 1979 during which time the violations alleged in Counts VI through X occurred.

Counts II, III, VII and VIII attempt to allege private causes of action for violations of certain NYSE and NASD Rules, e.g. NYSE Rule 405– "Know your Customer" and the NASD Article 3, Section 2– "Suitability Rule," *inter alia.*

The Fifth Circuit has consistently refused to decide the availability of implied actions under the rules of the NYSE and NASD. *Miley v. Oppenheimer & Co., Inc.,* 637 F.2d 318 (5th Cir. 1981). *Vigman v. Community Nat. Bank & Trust Co.,* 635 F.2d 455 (5th Cir. 1981).

The few Circuits that have decided the matter have arrived at different conclusions. *Jablon v. Dean Witter & Co.,* 614 F.2d 677 (9th Cir. 1980) (no private right of action exists). *Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2d Cir. 1966) (no private right of action exists). *Buttrey v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 410 F.2d 135, 142 (7th Cir. 1969) (right of action exists).

The United States Supreme Court in *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), held that an implied, private cause of action did not exist for § 17(a) violations of the 1934 Act and stated:

> To the extent our analysis in today's decision differs from that of the Court in *Borak [v. J. I. Case Co.]* [377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964)] we have adhered to a stricter standard today [cites omitted]. The ultimate question is one of congressional intent, not one of whether this Court thinks that it can improve upon the statutory scheme that Congress enacted into law. (bracketed material supplied)

*Id.* 442 U.S. at 578, 99 S.Ct. at 2490.

The Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) set forth four factors relevant in determining whether a private action is implicit in a silent statute: (1) is the plaintiff one of the class for whose benefit the statute was enacted; (2) is there any indication of legislative intent, explicit or implicit; (3) is it consistent with the underlying purposes of the legislative scheme to imply such a remedy to the plaintiff; (4) is the cause of action one traditionally relegated to state law.

These four factors, however, do not provide a balancing test. Rather "the central inquiry remains whether Congress intended to create, either expressly or by implication, a private right of action." *Touche Ross,* 442 U.S. at 575, 99 S.Ct. at 2498. Intent is the key element, and in its absence a right of action will not be implied even though other factors are present.

*Touche Ross* having narrowed the standard for implying a private cause of action, the pre-1979 Circuit Court opinions of *Buttrey* and *Colonial* are probably no longer viable. In applying the limiting standards announced in *Touche Ross,* the *Jablon* court refused to imply a private right of action.

This Court finds the reasoning in *Jablon* persuasive.

Section 27 of the 1934 Act granting the federal district courts exclusive jurisdiction of violations of the Act does not create an implied private action. The source of plaintiff's right must be found, if at all, in the substantive provisions of the Act, not in the jurisdictional provisions. *Touche Ross,* 442 U.S. at 577, 99 S.Ct. at 2490.

The Securities Exchange Act does not expressly provide for private actions for violations of NYSE and NASD Rules. The requisite Congressional intent is absence since "when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly." *Touche Ross,* 442 U.S. at 572, 99 S.Ct. at 2487. *Touche Ross* commands, therefore, that the inquiry be ended in the absence of a showing of Congressional intent to create such a right.

Likewise, there is no provision in the NYSE and NASD Rules providing for a private cause of action for violations thereof.

The Fifth Circuit in *Miley* does allow a jury to consider alleged violations of the NYSE and NASD Rules as *one* of, not the *sole*, factors in determining whether plaintiff's account has been excessively traded, e.g. "churned." There is, however, no separate cause of action based solely on the NYSE and NASD violations.

Counts II, III, VII and VIII seeking relief solely on the basis of the alleged Rule violations fail to state a cause of action and accordingly must be dismissed.

Dean Witter Reynolds, Inc.'s Motion to Strike the plaintiff's claim for attorney's fees is well taken.

In *Huddleston v. Herman & Maclean*, 640 F.2d 534 (5th Cir. 1981), the Fifth Circuit refused to allow attorney's fees in 10(b) cases based on the "bad faith" exception to the American Rule except where the bad faith or vexatious conduct occurred during the litigation itself. Plaintiff can hardly complain of defendants' bad faith *during* the litigation in his initial pleading.

The remaining counts of plaintiff's complaint all state causes of action.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1) That Defendants' Motions to Dismiss Counts II, III, VII & VIII be, and the same are hereby GRANTED, and said Counts shall stand dismissed.

2) That Defendant, Dean Witter Reynolds, Inc.'s, Motion to Strike plaintiff's claim for attorney's fees be, and the same is hereby GRANTED, and said claim is stricken.

3) That Defendant, Dean Witter Reynolds, Inc.'s, Motion to Strike be, and the same is hereby DENIED.